IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE CRUZ | ) | CASE NO: |
| 12225 Triskett Road | ) | |
| Cleveland, Ohio 44111 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES** |
| WOODMERE VILLAGE | ) | |
| 27899 Chagrin Boulevard | ) | (Jury Demand Endorsed Herein) |
| Woodmere, Ohio 44122 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| SHEILA MASON | ) | |
| c/o Woodmere Village | ) | |
| 27899 Chagrin Boulevard | ) | |
| Woodmere, Ohio 44122 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jacqueline Cruz, by and through undersigned counsel, as her Complaint against

Defendants, states and avers the following:

## INTRODUCTION

1.  Cruz is a resident of the city of Cleveland, county of Cuyahoga, and state of Ohio.

2.  Cruz is a "person," and "employee," and an "individual" as defined by Title VII of the Civil

    Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq., and the Equal Pay Act ("EPA"), 29

    U.S.C. § 201 et seq.

3.  Woodmere Village ("Woodmere") is a local government in the County of Cuyahoga and state

    of Ohio.

4.  Woodmere is an employer, pursuant to 42 U.S.C. § 2000e and the EPA.

5.  Woodmere is an employer, pursuant to Ohio Rev. Code § 4112.

6.  At all times referenced herein, Shelia Mason was the Woodmere Chief of Police.

7.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Cruz is alleging federal law claims under Title VII and the EPA.

8.  Within 300 days of the conduct alleged below, Cruz filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2019-00398.

9.  On June 18, 2019, Cruz received a Right to Sue letter, dismissing Charge No. 532-2019-00398, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

10. Cruz has properly exhausted her administrative remedies.

11. Cruz files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

12. All material events alleged in this Complaint occurred in Cuyahoga County.

13. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

14. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

15. Cruz brings the State law Aiding and Abetting claim against Mason in her individual capacity.

16. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

17. Cruz incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

18. Cruz became pregnant in or around October 2017.

19. On or about November 4, 2017, Cruz was hired by Woodmere as a part-time patrol officer.

20. Cruz did not disclose her pregnancy to Woodmere prior to November 4, 2017.

21. Cruz had prior experience as a patrol officer.

22. Woodmere paid Cruz $14.00 per hour.

23. Upon information and belief, Woodmere hired male part-time patrol officers with no experience after November 4, 2017 and paid them $15.00-$16.00 per hour.

24. Woodmere paid similarly situated male patrol officers more than Cruz because of Cruz's gender.

25. Woodmere engaged in a practice of paying female employees, including Cruz, at rates lower than male employees who perform, or performed, equal work in positions that require equal skill, effort, and responsibility, under similar working conditions, because of gender.

26. Woodmere engaged in a practice of paying female employees, including Cruz, at rates lower than comparable male employees.

27. Woodmere paid Cruz less than similarly situated male employees in contravention of the EPA.

28. On or about December 15, 2017, Cruz informed Woodmere, through Lieutenant Patterson that she was pregnant.

29. After Cruz disclosed her pregnancy, Woodmere updated their policy as to require all women to immediately disclose a pregnancy.

30. In February 2018, Cruz was pulled from patrol duty when she became visibly pregnant.

31. Mason informed Cruz that they would find something for Cruz to do after she was pulled from patrol duty.

32. Mason did not assign Cruz any work after February 2018.

33. Cruz was placed on unpaid leave on March 1, 2018.

34. On June 30, 2018, Cruz gave birth to a baby girl.

35. Ten days after Cruz gave birth Woodmere terminated her.

36. Mason orally informed Cruz that she was terminated because she had not disclosed her pregnancy when she was hired.

37. Mason orally informed Cruz that, had she informed them of her pregnancy, they would have not hired her at that time.

38. Defendants terminated Cruz because of her pregnancy.

39. Defendants' termination of Cruz, because of Cruz's pregnancy, was in contravention of Title VII of the Civil Rights Act of 1964, and Ohio Rev. Code § 4112.

## <u>COUNT I: PREGNANY DISCRIMINATION IN VIOLATION OF TITLE VII</u>
### (Against Woodmere Only)

40. Cruz incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

41. Cruz became pregnant in or around November 2017.

42. Throughout her employment, Cruz was fully competent to perform the duties of her position at Woodmere.

43. Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of sex.

44. Title VII provides that "the terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work…"

4

45. Woodmere terminated Cruz because of Cruz's pregnancy.

46. Woodmere's termination of Cruz based on her pregnancy violates Title VII.

47. As a direct and proximate result of Woodmere's wrongful conduct, Cruz suffered and will continue to suffer damages

## COUNT II: PREGNANCY DISCRIMINATION IN VIOLATION OF OHIO REV. CODE § 4112.02
### (Against Woodmere Only)

48. Cruz incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

49. Cruz became pregnant in or around November 2017.

50. Cruz is female and a member of a statutorily-protected class under Ohio Rev. Code § 4112.02.

51. Throughout her employment, Cruz was fully competent and qualified for the position of patrol officer.

52. Ohio Rev. Code § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's gender.

53. Ohio Rev. Code § 4112.01 provides that, "the terms 'because of sex' and 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, any illness arising out of and occurring during the course of a pregnancy, childbirth, or related medical conditions."

54. Woodmere terminated Cruz because of Cruz's pregnancy.

55. Woodmere violated Ohio Rev. Code § 4112.02 by terminating Cruz because of her pregnancy.

56. As a direct and proximate result of Defendant's conduct, Cruz suffered and will continue to suffer damages.

## COUNT III: DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT
### (Against Woodmere Only)

57. Cruz incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

58. Throughout Cruz's employment, Woodmere paid Cruz less than similarly situated male employees.

59. Woodmere paid Cruz less than male employees because of Cruz's gender.

60. Woodmere paid Cruz less than male employees who perform or have performed equal work on jobs that require equal skill, effort, and responsibility, under similar working conditions, because of gender.

61. Woodmere intentionally violated the Equal Pay Act, 29 U.S.C. § 206(d) by paying Cruz at a lower rate than similarly situated and/or comparable male employees.

62. As a direct and proximate result of Defendant's conduct, Cruz suffered and will continue to suffer damages.

## COUNT IV: AIDING AND ABETTING IN VIOLATION OF OHIO REV. CODE § 4112.02 (J)
### (Against Mason Only)

63. Cruz incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

64. Pursuant to Ohio Rev. Code § 4112.02 (J), it is unlawful for any person to aid or abet unlawful discrimination.

65. Cruz was in a protected class because of her pregnancy, pursuant to Ohio Rev. Code § 4112.

66. In terminating Cruz because of her pregnancy, Mason aided and abetted Woodmere in unlawful discrimination based on pregnancy.

67. As a direct and proximate result of the unlawful conduct of Mason, Cruz suffered and will continue to suffer damages.

## <u>CONCLUSION</u>

Plaintiff Jacqueline Cruz, seeks judgment against Defendants in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

*/s/ Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney For Plaintiff Jacqueline Cruz*

## **JURY DEMAND**

Plaintiff Jacqueline Cruz demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade*_____
Claire I. Wade (0093174)

*Attorney for Plaintiff Jacqueline Cruz*

8